**EGS**

Ellenoff Grossman & Schole LLP

1345 Avenue of the Americas
New York, NY 10105
Telephone: (212) 370-1300
Facsimile: (212) 370-7889
www.egsllp.com

Adrienne M. Ward
Partner
award@egsllp.com

**BY ECF**

January 3, 2014

Hon. Paul A. Engelmayer
United States District Judge
United States District Court, Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re.     *Pobedonoszeff v. Pfizer, Inc.*, **13-cv-07061 (PAE)**

Dear Judge Engelmayer:

This firm represents plaintiff Dominique Pobodonostzeff ("Plaintiff"). This letter constitutes the parties' joint pre-conference letter in advance of the January 8, 2014 conference at 4:00 p.m. The parties have prepared a Civil Case Management Plan and Scheduling Order, which is enclosed. We will submit the parties' pleadings under separate cover after Defendant Pfizer Consolidated Pension Plan (the "Plan") has answered the amended complaint.[1]

1.  **Nature of the Action**

**Plaintiff:**
This is an action against the Plan for relief under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 USC § 1132(a)(1)(B), relating to the Plan's denial of a survivor benefit to Plaintiff after the death of her spouse, Alexis Pobedonostzeff ("Alexis"). Plaintiff also seeks attorneys' fees under Section 502(b) of ERISA, 29 USC § 1132(g)

ERISA provides as the "normal" benefit a joint and 50% survivor annuity (the "50% J&S Annuity") and requires that a plan obtain spousal consent for elections that depart from the norm. The issue before the Court is the validity of Plaintiff's consent to an election of benefits that terminated all survivor benefits. Plaintiff contends that the spousal consent form was defective as a matter of law and, therefore, her consent was not valid.

---

[1]     The action as originally pled named the Plan, Pfizer, Inc. ("Pfizer") and the Retirement Committee of the Plan as Defendants. On December 23, 2013, Plaintiff filed an amended complaint and a notice of voluntary dismissal, by which Pfizer and the Retirement Committee were dismissed from the action without prejudice. The Plan is therefore sole defendant.

{00274761.DOC.1}

Ellenoff Grossman & Schole LLP

The Hon. Paul Engelmayer
January 3, 2014
Page 2

By way of background, Alexis was a long-time Pfizer employee. He moved to America in 1998 with Plaintiff, a French national, after working for Pfizer for 20 years in Europe. He retired around July 2009. In October 2010, Alexis was diagnosed with advanced (stage IV) renal cell cancer. By January 2012, when he became eligible to elect his election under the Plan, the treatments had failed, and Alexis was terminally ill. The pension then had a lump sum present value in excess of $1.3 million. In making his election, Alexis mistakenly chose a "Single Life Annuity," which provided for fixed monthly payments to him for his life only, with no survivor benefit upon his death. This choice made no sense due to Alexis' rapidly declining condition.

The Plan supplied Plaintiff a spousal consent form. However, as alleged in the Complaint ¶¶ 37-46, that particular form failed to satisfy the requirements of applicable law for spousal consent, because it did not state with sufficient specificity the optional benefit form that Alexis had in fact elected. In particular, Plaintiff contends that the form did not meet the standard set by regulations promulgated under the Internal Revenue Code ("IRC"), 26 C.F.R. § 1.401(a)-20 (Q&A 31), or the model language provided in IRS Notice 97-10, 1997-1 C.B. 370. As a direct result, Plaintiff signed the form not realizing that Alexis had selected a payment option which did not provide for any survivor benefit.

Alexis died on March 26, 2012. Soon after, Plaintiff learned she would receive no survivor benefit under the Plan.

As required under the Plan, Plaintiff timely sought a review by the Retirement Committee of the Plan's denial of benefits, in which she raised the issue of the deficient spousal consent form and asked that the election default to the normal form – the 50% J&S Annuity. Her request was denied, as was her appeal of that determination. As alleged in the Complaint, the Retirement Committee's review, if any, of the issues raised with respect to the legal sufficiency of the consent was arbitrary and capricious. Having exhausted her administrative remedies, Plaintiff filed this action.

**Defendant:**
The spousal consent form signed by Plaintiff complies with all applicable statutes and regulations under ERISA and the Internal Revenue Code. Indeed, in this case, there is <u>no</u> dispute that Plaintiff's spouse, the Plan participant, actually selected the single life annuity. There is also <u>no</u> dispute that Plaintiff signed the spousal consent form agreeing to her husband's selection of a single life annuity. It is simply not in the purview of the Retirement Committee to change the election made by a Plan participant regardless of whether the participant's election turned out to be the best decision for himself and/or his beneficiaries.

For spousal consent to an optional form of benefit to be effective, ERISA § 205(c) and IRC § 417(a)(2)(A) require that: (1) the spouse of the participant consents in writing to an election that is different from the joint and survivor annuity, (2) such election designates a beneficiary (or a form of benefits) which may not be changed without spousal consent, and (3) the spouse's

Ellenoff Grossman & Schole LLP

The Hon. Paul Engelmayer
January 3, 2014
Page 3

consent acknowledges the effect of such election and is witnessed by a plan representative or a notary public. The spousal consent form used in this case clearly meets these standards.

The spousal consent form is also compliant with Q&A 31 of the IRC. *See* 26 C.F.R. § 1.401(a)-20. This regulation merely requires the spousal consent form to state the optional form of benefit being selected by the plan participant. The consent form at issue clearly complies. That the consent form used by Plaintiff varies slightly from the sample form set forth in the regulations does not support Plaintiff's claim as the introductory language to the sample explicitly states that "no one is required to use the sample language" to comply with the law. Although Mr. Pobedonoszteff's election, in retrospect appears to have been a bad participant decision that is not sufficient to counteract Defendant's compliance with its own Plan rules, ERISA and the IRC. Despite the sympathetic factual allegations by Plaintiff, it is essential and required by ERISA for the Retirement Committee to follow the specific written directions of a Plan participant and the beneficiary, to not look behind or second-guess such decisions, and to act in a consistent manner with regard to the terms of the Plan.

Finally, the decision of the Retirement Committee should be subject to the "arbitrary and capricious" review standard under which its actions are entitled to deference by the Court and should only be overturned for abuse of discretion.

**2.  Contemplated Motions**
After completion of discovery, the parties anticipate that one or both of them may move for summary judgment. No other motions are contemplated at this time.

**3.  Prospects for Settlement**
The parties initiated informal settlement discussions in December 2013 and should have a better idea by the time of the conference as to the likelihood of resolving this matter informally. If the parties cannot reach resolution independently, they believe this dispute would benefit from mediation prior to discovery.

Respectfully submitted,

Adrienne M. Ward (AW-4126)

Encl.

Cc:    Peter C. Moskowitz, Esq.
       Steven J. Seidenfeld, Esq.
       *Attorneys for the Pfizer Consolidated
       Pension Plan*

*4853-2780-5975, v. 1*

{00274761.DOC.1}